UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL KEITH REYES**,

    Plaintiff,

vs.                                                                           **No. CV 09-512 CW/RHS**

**BETSY LYNN SNOW and LAURA DAILEY**,

    Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Plaintiff Paul Keith Reyes' Complaint brought for alleged violation of 28 U. S.C. § 1983, filed July 16, 2009 (Doc. 8).[1]  Reyes appears pro se and *in forma pauperis.*

Reyes filed his Complaint against the Defendants because they are, or have been, involved in the issuance and enforcement of an Arizona child-support order regarding Reyes' son, Mario Sanchez[2]. Defendant Betsy Lynn Snow is a former Arizona Assistant Attorney General who represented the State of Arizona in a 1998 petition for a child-support order and judgment against Reyes.  *See* Complaint at 1 & Exhibit located at p. 12-13.[3]  In 2005, Reyes appealed from orders requiring him to pay support and past-due support for Mario.  *See* Exhibit at pp. 62, 65.  The Arizona Court of Appeals denied his appeals and affirmed the courts' decisions on June 29, 2005 and August 17, 2006.  *See* Exhibits at p.72-74, 69, 117-118.

---

[1] Defendant Betsy Lynn Snow's motion to join Defendant Laura Dailey's motion to dismiss was granted on September 15, 2009.  *See* Doc. 24.

[2] Reyes has interspersed into his case documents and orders from a separate 2005 New Mexico child-support case involving another child born in 1997, who is apparently also Reyes' son.  *See* Exhibits at 120-25. It appears that neither Snow nor Dailey were involved in that case.

[3] Reyes interspersed documents from the Arizona state-court suits into his Complaint and the Court has used his page-numbering system to identify the documents.

Defendant Laura Dailey, who is a legal assistant with the New Mexico Child Support Enforcement Division, signed a Notice of Registration of Foreign Support for an Arizona support order and requested that the Second Judicial District Court of New Mexico register it for enforcement.  *See*  Complaint Exhibit at 8.

Reyes' Complaint is based solely on Snow's and Dailey's actions described above, which clearly were taken in their official capacities as state employees.  Reyes requests that this Court "intervene [in his child support] cases and recalculate the 3 child-support demands."  Complaint at 128.  He also requests $10 million from Snow "on behalf of the State of Arizona" and Dailey "on behalf of the State of New Mexico" for "extreme mental pain and suffering from an estimated 20 years of harassment due to not being properly trained and violating 42 U.S.C. § 1983 civil rights." *Id.*

The Defendants moved to dismiss Reyes' Complaint under Fed. R. Civ. P. Rules 12(b)(1) &(6), contending that the Court does not have jurisdiction over Reyes' claims because, as state employees acting in their official capacities, both Snow and Dailey are entitled to Eleventh-Amendment immunity and the Complaint is barred.  *See* Doc. 8 at 1.

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.

*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Assuming all of the Reyes' allegations regarding the Defendants to be true, the Court must dismiss Reyes' Complaint for lack of subject-matter jurisdiction.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court").

The Eleventh Amendment bars suits for money damages "when state officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989). Because both Snow and Dailey either are or were state employees acting in their official capacities when they committed the official acts that Reyes contends caused him harm, and they are protected from suit by their respective States' Eleventh-Amendment immunity, Reyes' § 1983 claims against them are barred and must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of frivolous suits brought by plaintiffs proceeding *in forma pauperis*).

Further, this Court may not intervene or interfere in state-court proceedings or reverse state-court judgments under the *Rooker-Feldman* and *Younger*-abstention doctrines.

> "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (quotations omitted) (per curiam); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923). *Younger* abstention applies even if the state proceedings are on-going when the federal action is filed so long as the state action implicates important state interests with which a federal judgment would interfere. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37, 54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)).

*DCR Fund I, LLC v. TS Family Ltd. P'ship*, No. , 261 Fed. Appx. 139, 146 n.5, 2008 WL 196298, **6 n.5 (10th Cir. Jan. 24, 2008). The state-court judgments for child support and past-due-child-support have long been final, and Reyes raised many of the arguments he attempts to raise here in his state-court appeals. This Court cannot intervene to recalculate his payments. *See id.*

The Court warns Reyes that if he continues to file frivolous suits, the Court may impose sanctions and/or filing restrictions.

**IT IS ORDERED** that the Defendants' Motion to Dismiss [Doc. 8] is GRANTED and Reyes' Complaint is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE